UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID SLATER,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | No. CV-06-366-AMJ<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS |

BEFORE THE COURT are Plaintiff's Motion for Summary Judgment (Ct. Rec. 17) and Defendant's Motion to Remand for Further Proceedings (Ct. Rec. 29), noted for hearing without oral argument on August 13, 2007. (Ct. Rec. 26.) Attorney Robyn Pugsley represents Plaintiff; Special Assistant United States Attorney Daphne Banay represents the Commissioner of Social Security ("Commissioner"). Plaintiff filed a response to Defendant's motion to remand on August 8, 2007, seeking an immediate award of benefits. (Ct. Rec. 31.) The parties have consented to proceed before a magistrate judge. (Ct. Rec. 28.) After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Ct. Rec. 17) and **REMANDS** the matter to the Commissioner for further proceedings. Plaintiff's request for an order awarding benefits is **DENIED**, without prejudice. The Commissioner shall determine that issue upon remand. Defendant's Motion to Remand for further proceedings is **DENIED as moot.** (Ct. Rec. 29.)

**SUMMARY OF ERRORS DETERMINED BY THE COURT**

(1) The ALJ erred by failing to properly credit various opinions expressed by Dr. Bliss, a treating physician. While those opinions were somewhat contradicted by other evidence, the ALJ did not set forth specific, legitimate reasons for rejecting them.

(2) The ALJ erred by failing to evaluate fully the opinions of two examining therapists, Jason Bruns and Robert Hoctor. While discussing parts of the opinions of these professionals, the ALJ failed to discuss at all portions which were favorable to plaintiff's claim.

(3) The ALJ erred in rejecting the credibility of plaintiff's pain complaints. In doing so, the ALJ relied upon an independent medical evaluation by Dr. Rudd. But in reaching his conclusions, Dr. Rudd mistakenly relied in part upon medical records relating to an entirely different claimant, who was found to have a "nonphysiologic pain presentation." The error was not harmless.

(4) The ALJ erred in rejecting lay testimony. The ALJ gave little weight to the statements of Sean Slater, plaintiff's son, and of Harvey Hudson, plaintiff's neighbor, based on their close relationships with plaintiff and the possibility that their statements were influenced by their desire to help him, and because the ALJ found inconsistencies in statements by and Mr. Hudson and Mr. Sean Slater. The record does not support the ALJ's determination.

**JURISDICTION**

Plaintiff's application for Disability Insurance Benefits ("DIB") alleged an onset date of September 8, 2003. (Tr. 78-83.) The application was denied initially (Tr. 40-43) and on reconsideration (Tr. 46-47.) ALJ Mary Bennett Reed held a hearing on January 5, 2006. (Tr. 592-640.) Plaintiff and vocational expert Deborah Lapoint testified. The ALJ issued a decision on April 12, 2006, finding that Plaintiff was not disabled. (Tr. 25-36.) The Appeals Council denied a request for review on November 6, 2006. (Tr. 7-9). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on December 28, 2006. (Ct. Rec. 1, 4.)

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both Plaintiff and the Commissioner, and will only be summarized here.

Plaintiff was 54 years old on the date of the hearing and has a high-school education. (Tr. 594.) He has worked as a construction laborer, landscaper, prep cook, and processor on a commercial fishing vessel. (Tr. 596-599.) Plaintiff alleges disability since September 8, 2003,

due to back problems. (Tr. 137, 601.) He alleges that the problems started when he lifted fireproof doors at work. (Tr. 600-602.) Plaintiff sought medical attention and eventually underwent back surgery on March 23, 2004. (Tr. 604-605.) Surgery stopped the pain in his right leg but did not relieve lower back pain or pain in his left leg that extended into his ankle and foot. (Tr. 605.) Plaintiff testified that epidural steroid injections, physical and water therapy, and (eventually) neurontin did not help. (Tr. 605-606.) He can stand 45 minutes before needing to sit or lie down and can sit for 25-30 minutes before needing to change position. (Tr. 612, 629.) Plaintiff testified that he has smoked marijuana daily since age 14. (Tr. 623.)

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a Plaintiff is not only unable to do previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).
Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether Plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If Plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step,

which compares Plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpart. P, App. 1. If the impairment meets or equals one of the listed impairments, Plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents Plaintiff from performing work which was performed in the past. If a Plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, Plaintiff's residual functional capacity ("RFC") assessment is considered. If Plaintiff cannot perform this work, the fifth and final step in the process determines whether Plaintiff is able to perform other work in the national economy in view of Plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

      The initial burden of proof rests upon Plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once Plaintiff establishes that a physical or mental impairment(s) prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) Plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

      Plaintiff has the burden of showing that drug and alcohol addiction ("DAA") is not a contributing material factor to disability. *Ball v. Massanari*, 254 F. 3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d) (2) (C) and 1382 (a) (3) (J); *Sousa v. Callahan*, 143 F. 3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether the DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to

proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs. *Bustamante v. Massanari*, 262 F. 3d 949 (9th Cir. 2001).

## **STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative

findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

The ALJ found at the outset that Plaintiff meets the disability requirements set forth in Section 216(i) of the Social Security Act and was insured for disability benefits through the decision date of April 12, 2006. (Tr. 25.) The ALJ found at step one that Plaintiff has not engaged in substantial gainful activity during any time at issue. (Tr. 26.) At step two, the ALJ found that the medical evidence established that Plaintiff suffers from severe musculoskeletal pain, an impairment considered severe but not severe enough to meet or medically equal one of the Listings impairments. (Tr. 30.) The ALJ found Plaintiff's testimony regarding his limitations not fully credible (Tr. 31) and concluded that he has the RFC to perform a limited range of light work. (Tr. 33.) At step four, the ALJ concluded that Plaintiff is unable to perform his past relevant work, all of which required more than light exertion. (Tr. 33.) It is the Commissioner's burden at step five to show that there are jobs existing in significant numbers in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age and education. At step five, the ALJ asked a vocational expert whether a person with Plaintiff's hypothesized conditions could perform work in a sufficient number of available jobs in the local and national economy. The VE opined that Plaintiff has transferable skills from his past relevant work as a prep cook (medium exertion) to some cooking jobs classified as light exertion. (Tr. 635.) These include pantry goods maker, caterer's helper and short order cook. (Tr. 635-636.) The VE testified that a person with Plaintiff's limitations could perform other light work in the unskilled category, including cashier, parking lot attendant and production assembler; a significant number of these jobs exist. (Tr. 636-637, 34, 36.) Accordingly, the ALJ determined at step five of the sequential evaluation process that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 36.) Because the ALJ determined at step five that Plaintiff was not disabled, she did not consider whether substance abuse is a contributing factor material to disability.

## ISSUES

Plaintiff contends that the Commissioner erred as a matter of law. Specifically, he argues that the ALJ erred by rejecting the opinions of treating and examining physicians and therapists, in evaluating Plaintiff's credibility, and in assessing the credibility of lay witness testimony. Plaintiff argues that if the ALJ properly credited this evidence, he would be found disabled. (Ct. Rec. 18 at 8-24, 27-34; Ct. Rec. 31 at 1-2, 15-22.)

The Commissioner acknowledges error and moves to remand for further administrative proceedings rather than an award of benefits. (Ct. Rec. 30 at 2.) The Commissioner also moves to strike the new evidence attached as exhibits (Ct. Rec. 17-2 through 17-32) to Plaintiff's memorandum in support of summary judgment. The Commissioner argues that the evidence is not new and material, and Plaintiff has not shown good cause for failing to present it earlier. (Ct. Rec. 30 at 11-14.)

Consistent with *Bustamante*, after conducting the five step analysis and finding Plaintiff not disabled, the ALJ did not conduct further DAA analysis. This is not challenged by either party but will need to be examined after further proceedings.

## DISCUSSION

**A. Weighing Medical Evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F. 2d 341, 345 (9th Cr. 1991).

A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F. 3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ

may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv*., 44 F. 3d 1453, 1463 (9th Cir. 1995). In addition to medical reports in the record, the analysis and opinion of a non-examining medical expert selected by an ALJ may be helpful to the adjudication. *Andrews v. Shalala*, 53 F. 3d 1035 , 1041 (9th Cir. 1995) (*citing Magallanes v. Bowen*, 881 F. 2d 747, 753 (9th Cir. 1989). Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Id.*

Plaintiff contends that the ALJ erred by failing to properly credit the opinion of treating physician Lisa Bliss, M.D. The Commissioner acknowledges that the "ALJ did not provide reasons to reject Dr. Bliss's above opinions." (Ct. Rec. 30 at 30.) Dr. Bliss's opinions are contradicted to an extent by examining physician Robert Rose. M.D., who found no current radicular findings on January 26, 2005. (Tr. 281-283.) To reject a treating physician's opinion which is contradicted by other evidence, the ALJ must set forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *See Flaten v. Secretary of Health and Human Serv*., 44 F. 3d at 1463. It is undisputed that the ALJ has not done so.

The Commissioner concedes that the ALJ failed to properly reject six of Dr. Bliss's opinions: (1) the June 21, 2004, opinion that Plaintiff's lumbar radiculopathy status post laminectomy and discectomy rendered him unable to work from September 5, 2003, through July 21, 2004; (2) the July 26, 2004, opinion that Plaintiff was unable to work from June 21, 2004, to July 26, 2004; (3) the August 23, 2004, opinion that Plaintiff was unable to work from July 26 to August 23, 2004; (4) the October 15, 2004, opinion that Plaintiff was unable to work from June 21, 2004 to October 15, 2004; (5) the November 30, 2004, opinion that Plaintiff was unable to work from April or September 1, 2004 (writing unclear) to November 30, 2004; and (6) the February 17, 2005, opinion that Plaintiff was unable to work from an illegible date (probably) September 30, 2004, to February 17, 2005. (Ct. Rec. 30 at 29-30, referring to Tr. 268, 353, 357, 374, 378, 381.)

The Commissioner points out that Dr. Bliss's July 26, 2004, opinion is ambiguous. Dr. Bliss opined on this date that Plaintiff was unable to work from June 24, 2004, to July 26, 2004

(Tr. 374); she also opined that Plaintiff was restricted to lifting 30 pounds occasionally and 20 pounds frequently and assessed an overall exertion level as light. (Tr. 262.)  (Ct. Rec. 30 at 29-30.)

The Commissioner concedes that remand is also necessary for further consideration of Plaintiff's RFC because the ALJ gave no reason for failing to include Dr. Bliss's opinion in November of 2005 that Plaintiff needed a gradual return to work: 4 hours a day for one week, 6 hours a day for the next week, followed by 8 hours a day in week three. (Ct. Rec. 30 at 30-31, referring to Tr. 352.)   The Commissioner additionally notes that the ALJ failed to properly reject Dr. Bliss's opinion on the same date that Plaintiff required lumbar support when sitting and should take frequent (every hour) positional breaks. (Ct. Rec. 30 at 31, referring to Tr. 352.)

With respect to the ALJ's evaluation of the other medical evidence, the Commissioner concedes that the ALJ failed to fully evaluate the opinions of Jason Bruns, P.T., and Robert Hoctor, O.R.T./L., A.T.P., who performed physical capacity evaluations on August 25 and 26, 2004, and November 28 and 29, 2005.  (Ct. Rec. 30 at 31.)  The ALJ's RFC assessment relied in part on the August of 2004 opinion of Mr. Bruns that Plaintiff demonstrated the ability to perform light work.  (Tr. 33, referring to Tr. 535-543.)  The Commissioner concedes that the ALJ fails to discuss Mr. Bruns's opinion that pain was the greatest limiting factor with respect to Plaintiff's ability to function, including his ability to lift.  The ALJ also failed to discuss Mr. Bruns's opinion that Plaintiff would benefit from pain and inflammation control measures before returning to work. (Ct. Rec. 30 at 31, referring to Tr. 243, 338.)

The ALJ notes that in November of 2005, Mr. Hoctor opined that Plaintiff could perform a limited range of light to medium work.  (Tr. 32, referring to Tr. 537.)   The ALJ fails to discuss Mr. Hoctor's additional limitations that Plaintiff should change position every 30 minutes when sitting or standing, and should walk no more than 1/4 of a mile continuously.  (Tr. 539.)

If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F. 3d 821, 830 (9th Cir. 1996).  If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence.  *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1453, 1463 (9th Cir. 1995).  The ALJ fails to present either clear and convincing or specific and

legitimate reasons for rejecting the limitations assessed by Plaintiff's treating physician Dr. Bliss and by examining therapists Bruns and Hoctor. The Commissioner correctly concedes error.

**B. Credibility Analysis**

Plaintiff alleges error in the ALJ's credibility analysis. The Commissioner concedes error in one of the factors relied on by the ALJ in assessing Plaintiff's credibility but argues that it is harmless.[1]  (Ct. Rec. 30 at 25-26.)

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying impairment, the ALJ may not discredit his testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998) (citation omitted). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Lester, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993). Factors the ALJ may properly consider include claimant's reputation for truthfulness, prior inconsistent statements, unexplained failure to seek medical care or to follow a prescribed course of treatment, and the claimant's activities of daily living. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002).

The Commissioner concedes that the ALJ erred by rejecting Plaintiff's subjective complaints based, in part, on the independent examiner's December 27, 2005, report. (Ct. Rec. 30 at 25-26, referring to report at Tr. 548-563.) The ALJ observes that the IME diagnosed "nonphysiologic pain presentation suggested by exaggerated antalgic gait as well as non-dermatomal hypesthesia on sensorary exaggeration." (Tr. 29, referring to Tr. 560.) When she

---

[1] An error is harmless when the correction of that error would not alter the result. *See Johnson v. Shalala*, 60 F. 3d 1428, 1436 n.9 (9th Cir. 1995). Further, an ALJ's decision will not be reversed for errors that are harmless. *Burch v. Barnhart*, 400 F. 3d 676, 679 (9th Cir. 2005) (citing *Curry v. Sullivan*, 925 F. 2d 1127, 1131 (9th Cir. 1991).

assessed Plaintiff's credibility, the ALJ stated: "(t)he independent examiner's observation that the claimant presented with exaggerated antalgia and decreased sensation in a non-dermatomal pattern is also noted." (Tr. 31-32.)

Eric Rudd, M.D., conducted the IME on December 27, 2005. Plaintiff was diagnosed with L4-L5 and L5-S1 disc protrusions and lumbar degenerative disc disease, findings consistent with those of Plaintiff's treating physicians. The Commissioner concedes that the ALJ attributed "nonphysiologic pain presentation" to Plaintiff in error, and notes that the original mistake occurred when medical records belonging to a person other than Plaintiff were included in the records provided for Dr. Rudd's review. Dr Rudd stated:

> Next is an April 1, 1999, letter dictated by Dean Martz, M. D. This letter is directed to attorney Bruce Nelson, Attorney at Law, in Spokane, Washington:
>
> "David Slawter is a 29-year old gentleman I saw in September of 1996. He had been involved in a motor vehicle accident in January of 1996 . . ."

(Tr. 550.) This is clearly not Plaintiff's record because it refers to a person with a different last name, age, and treating physician.

Later in his evaluation, Dr. Rudd attributed "nonphysiologic pain presentation" to Plaintiff rather than David Slawter – a mistake repeated by the ALJ. (Ct. Rec. 30 at 26.) Although the ALJ stated that she disregarded Dr. Rudd's conclusions which were "based on the erroneous medical records," (Tr. 29) the record indicates otherwise. The Commissioner concedes that the ALJ erred when she found that Dr. Rudd's nonphysiologic pain presentation described Plaintiff. The Commissioner correctly concedes error based in part on Dr. Bliss's opinion that the presentation described does not refer to Plaintiff. (Ct. Rec. 30 at 25-26, referring to Tr. 569.)

When determining the credibility of a claimant's statements, the ALJ considers statements or other information provided by treating physicians. *See* SSR 96-7p. As noted, the Commissioner concedes that the ALJ failed to give reasons for rejecting the opinions of treating and examining professionals. While the single conceded error in the ALJ's credibility analysis is arguably harmless, when considered in light of the ALJ's failure to state reasons for rejecting the opinions of treating and examining doctors and therapists, the court cannot say whether correcting the error would alter the result. *See Johnson*, 60 F. 3d at 1436 n. 9 (9th Cir. 1995). The error, therefore, is

not harmless.

Plaintiff argues that the ALJ improperly rejected the lay witness testimony of his son, Sean Slater, and his neighbor, Harvey Hudson. (Ct. Rec. 18 at 10-12, 14, 16, 23-24.) The Commissioner responds that the ALJ properly weighed the lay testimony and gave germane reasons specific to each for doubting their credibility. (Ct. Rec. 30 at 26-28, 34.)

The ALJ may not ignore or improperly reject the probative testimony of a lay witness without giving reasons that are germane to each witness. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) (emphasis added). The ALJ shall "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987), *citing* 20 C.F.R. § 404.1513(e)(2).

The ALJ rejected Mr. Hudson's statements because of his close relationship with Plaintiff and because:

"It is also noted that Mr. Hudson's statement that the claimant was unable to fish for the past year is inconsistent with statements made to the claimant's primary care physician. It is also inconsistent with the statement of claimant's son that he was required to prepare the boat for his father to fish."

(Tr. 32.)

The first inconsistency the ALJ refers to is Dr. Bliss's statement in an August 25, 2005, report that plaintiff "continues to do a lot of fishing." (Tr. 486.) Plaintiff correctly points out that on February 17, 2005, Dr. Bliss noted that plaintiff is able to fish with frequent positional changes while wearing his lumbar support (Tr. 351). Mr. Hudson stated that plaintiff had not been able to fish from a riverbank since 2004, but fished with him in his (Hudson's) boat wearing a lumbar support; plaintiff could sit in the boat only 30 minutes before he needed to move; pain by the second day required plaintiff to lie down at least 50% of the time, and Mr. Hudson did not go fishing with Plaintiff in 2005. (Tr. 208-209.) Plaintiff did not testify whether he fished alone or with someone else in 2005 on the one or two occasions he was able to go. (Tr. 607.) The second allegedly inconsistent statements are Mr. Hudson's, that plaintiff was unable to fish for the past year (2005) (Tr. 209) , and Mr. (Sean) Slater's:

Since he injured his back in 2003, my Dad has severely deteriorated

1
2
> physically. He is an old man at age 54.  He cannot lift and carry his boat.  I have to get the boat down from the shed and haul it to the pickup.  My Dad can only steady the boat to assist me when I slide it in the back of the pickup bed.

3 (Tr. 211.)  Sean Slater's statement is dated January 4, 2006.

4 Sean Slater's statement does not refer to a specific time frame, other than since his father's

5 2003 back injury.  As the ALJ's reasons for rejecting the detailed observations of Mr. Hudson do

6 not appear germane, the error is not harmless.

7 Similarly, the ALJ's reasons for rejecting Mr. Sean Slater's statements do not appear

8 germane.  The ALJ found that Sean Slater's statements regarding his father's ability to drive to a

9 neighbor's house to get water and haul it in his truck back home are inconsistent "with the

10 claimant's statements concerning his significantly limited ability to sit and stand." (Tr. 32,

11 referring to Tr. 211.)  Sean Slater lives next door to his father and sees him daily.  (Tr. 210.)  He

12 has to help his father with chores at home, often washing the dishes because plaintiff cannot stand

13 at the sink to wash them. He takes out plaintiff's garbage, which weighs less than 40 pounds,

14 because plaintiff cannot lift and carry it. (Tr. 211.)   In addition:

15
16
17
18
> My dad used to fill a five-gallon gas can every two to three days for his generator.  After he injured his back he was no longer able to lift and carry the five-gallon gas can.  Now my Dad fills a two-gallon gas can every day, because that is all he can manage by himself.  My Dad has to get his water from his neighbors. . . he fills up. . . from his garden hose.  He then drives the pickup home and parks as close to the front door of his mobile home as he can. He moves the containers, usually one (one-gallon can) in each hand, into the house.  He takes frequent breaks.

19 (Tr. 211.)

20 Plaintiff testified that he can stand for 45 minutes before he has to sit or lie down  (Tr. 629)

21 and is unable to sit very long  (Tr. 608). Plaintiff drives to his neighbor's, less than a mile away,

22 for water. (Tr. 609.)  It is difficult to see a meaningful inconsistency between Sean Slater's

23 description of his father's method of obtaining water and Plaintiff's described limitations in sitting

24 and standing.  The ALJ's reason for rejecting Sean Slater's statements does not appear germane.

25 On remand, the ALJ will re-evaluate the lay witnesses' testimony.

26 **C. Remedy**

27 There are two remedies where the ALJ fails to provide adequate reasons for rejecting the

28 opinions of a treating or examining physician.  The general rule, found in the *Lester* line of cases,

- 13 -

is that "we credit that opinion as a matter of law." *Lester* v. Chater, 81 F. 3d 821, 834 (9th Cir. 1996); *Pitzer v. Sullivan*, 908 F. 2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F. 2d 498, 502 (9th Cir. 1989). Under the alternate approach found in *McAllister v. Sullivan,* 888 F. 2d 599 (9th Cir. 1989), a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion. *See also Benecke v. Barnhart*, 379 F. 3d 587, 594 (9th Cir. 2004) (court has flexibility in crediting testimony if substantial questions remain as to claimant's credibility and other issues). Where evidence has been identified that may be a basis for a finding, but the findings are not articulated, remand is the proper disposition. *Salvador v. Sullivan*, 917 F. 2d 13, 15 (9th Cir. 1990) (citing *McAllister); Gonzalez v. Sullivan*, 914 F. 2d 1197, 1202 (9th Cir. 1990).

In this case even if the medical opinions are credited as true, substantial questions remain with respect to credibility and, potentially, to issues of possible substance abuse. Upon further hearing, the ALJ will weigh and analyze the medical opinions of Dr. Bliss, Mr. Bruns, Mr Hoctor, and the other medical evidence, reevaluate Plaintiff's and lay witness credibility and (if necessary) obtain a VE's testimony. If Plaintiff is found disabled, and if appropriate in light of Plaintiff's testimony and medical records, the ALJ may conduct the *Bustamante* analysis with respect to substance abuse. The court expresses no opinion as to what the ultimate outcome on remand will or should be. The fact-finder is free to give whatever weight to the evidence is deemed appropriate. *See Sample v. Schweiker*, 694 F. 2d 639, 642 (9th Cir 1982) ("Q)uestions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary").

## CONCLUSION

For these reasons a remand for further proceedings is the proper remedy. On remand, Plaintiff's request that the case be referred by the court to a different ALJ is denied.

In light of the court's decision, Defendant's motion to strike the exhibits attached to Plaintiff's motion for summary judgment is denied.

Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment (**Ct. Rec. 17**) is **GRANTED IN PART**, and the matter is **REMANDED** pursuant to sentence four for further proceedings, which shall include

- 14 -

a new determination by the ALJ as to whether plaintiff is entitled to an award of benefits.

2. Defendant's Motion to Remand **(Ct. Rec. 29)** is **DENIED as moot.**

3. Judgment for the **Plaintiff** shall be entered.

4. Application for attorney fees may be made by separate motion.

5. The District Court Executive is directed to enter this Order, forward copies to counsel, and **CLOSE** this file**.**

**DATED** this 25<u>th</u>  day of September, 2007.


                                                s/  John L. Weinberg
                                                JOHN L. WEINBERG
                                  UNITED STATES MAGISTRATE JUDGE